UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SODEXO CTM, LLC | CIVIL ACTION NO. 24-cv-1075 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALLEGIANCE HEALTH MANAGEMENT, INC | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Sodexo CTM, LLC ("Plaintiff") filed this civil action against Allegiance Health Management, Inc. ("Defendant") for breach of contract and other claims, including a claim of unjust enrichment. Before the court is Defendant's Motion to Dismiss (Doc. 21) the unjust enrichment claim on the grounds that such a claim is subsidiary and may not be asserted when a plaintiff has available other remedies or claims such as for breach of contract. For the reasons that follow, it is recommended that the motion to dismiss be granted.

**Relevant Allegations**

Plaintiff alleged in its original complaint that it operates within various healthcare facilities that require healthcare technology management services. Plaintiff and Defendant entered into a written contract in 2022 that called for Plaintiff to provide goods and services to Defendant in exchange for a base fee of more than $268,000 per month, plus additional amounts for services and materials not covered by the base fee. Plaintiff alleged that Defendant was in arrears on payments and had not exercised provisions of the contract that

allowed Defendant to timely dispute invoices. The complaint asserted claims based on breach of contract and open account. Plaintiff prayed for damages of more than $2,300,000 and an award of contractual attorney's fees.

Defendant filed an answer (Doc. 15) and denied that it breached the contract. Defendant asserted that Plaintiff had breached its contractual obligation to provide healthcare technology management services, thereby releasing Defendant from any obligation under the contract. The answer outlined many alleged examples of Plaintiff's failures to comply with its obligations under the contract. Defendant also asserted a counterclaim based on those alleged breaches.

Plaintiff responded with a First Amended Complaint (Doc. 17) that revised some of the factual allegations and added claims of detrimental reliance and unjust enrichment. The unjust enrichment count is set forth as follows:

> 22. Defendant contends that the Contract is not enforceable due to one or more alleged breaches by Plaintiff. While Plaintiff denies (1) that it breached the Contract and (2) that the Contract is not enforceable against Defendant, Plaintiff seeks, in the alternative, to recover appropriate compensation for the unjust enrichment of Defendant at Plaintiff's expense in accordance with La. C.C. art. 2298 given that Plaintiff unquestionably provided goods and services to Defendant for which Defendant did not pay.
>
> 23. Defendant enriched itself without cause by refusing to pay Plaintiff for services and goods provided by Plaintiff to Defendant and/or Defendant's facilities after the date of any alleged breach of the Contract by Plaintiff. As a direct and proximate result of Defendant's acceptance of goods and services from Plaintiff without payment, Plaintiff has incurred actual damages in excess of $2,000,000 for which it now seeks recovery.

**Analysis**

Louisiana Civil Code Article 2298 provides that a person who has been enriched without cause at the expense of another person is bound to compensate that person. The article adds: "The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." The dispute at hand is whether Plaintiff may pursue an unjust enrichment claim while also seeking remedies for breach of contract and open account.

The Louisiana Supreme Court has said that the unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided, so a plaintiff who has "pled a delictual action … is precluded from seeking to recover under unjust enrichment." Walters v. MedSouth Record Management, LLC, 38 So.3d 245, 246 (La. 2010). Even if the plaintiff does not successfully pursue another available remedy, it does not give him the right to recover under the theory of unjust enrichment. For example, in Walters it was "of no moment that plaintiff's tort claims had been held to be prescribed." Id. Their mere existence as an available remedy meant that the plaintiff failed to state a cause of action in unjust enrichment.

Federal Rule of Civil Procedure 8(a) states that a pleading that states a claim for relief must contain a demand for the relief sought, which may include relief in the alternative. Rule 8(d)(2) states that a party may set out two or more statements of a claim alternatively, and the pleading is sufficient if any one of them is sufficient. Some federal district courts have allowed a plaintiff to pursue an unjust enrichment claim in the

alternative to a breach of contract or similar claim, but others district courts have dismissed unjust enrichment claims in those circumstances.

An example where an unjust enrichment claim was dismissed is Zaveri v. Condor Petroleum Corp., 27 F. Supp. 3d 695 (W.D. La. 2014) (Hill, M.J.), which granted summary judgment on an unjust enrichment claim when the plaintiffs had available legal remedies such as for breach of contract or breach of fiduciary duty. The court rejected an argument that the unjust enrichment claim could be pled in the alternative to the other claims, noting that unjust enrichment is a subsidiary claim and not an alternative claim.

Judge Hicks dismissed an alternatively pled unjust enrichment claim in Wiggins v. Chesapeake Energy Corp., 2012 WL 3597131 (W.D. 2012). He reasoned that merely because the plaintiffs pled their claims in the alternative "does not change that plaintiffs have a cause of action for breach of contract" against a non-defendant company. The plaintiffs failed to state a claim for unjust enrichment for that reason. A similar opinion was issued by Judge Minaldi, who observed, "unjust enrichment is a specific cause of action that may not be asserted against a defendant as a mere catch all or safety net in the event that a plaintiff fails to succeed on the merits of his or her other claims." Constance v. Austral Oil Expl. Co., 2013 WL 6578178, *9 (W.D. La. 2013).

Plaintiff responds that some district courts have allowed an unjust enrichment claim to be pled in the alternative, particularly when the defendant contested the enforceability or existence of the contract on which breach of contract claims might be asserted. Supporting decisions include Grayson L.L.C. v. BPX Operating Co., 2022 WL 320671, *3 (W.D. La. 2022) (Foote, J.) (denying dismissal of unjust enrichment claim when the

existence of a contract with the defendant was "still unclear"); Schott, Tr. for Est. of InforMD, LLC v. Massengale, 2019 WL 4738795, *15-17 (M.D. La. 2019) (deGravelles, J.) (collecting cases on both sides of the issue and declining to dismiss unjust enrichment claim because the validity of the other claims in the complaint were still in question); Perez v. Util. Constructors, Inc., 2016 WL 5930877 (E.D. La. 2016) (Africk, J.) (denying dismissal of unjust enrichment claim until the validity of the alleged contract could be determined); and Williams v. Chesapeake Operating, Inc., 2011 WL 13160764 (W.D. La. 2011) (Foote, J.) (denying summary judgment on unjust enrichment claim because it was pled in the alternative, reasoning that it would be premature to dismiss it until the merit of the other claims was decided).

After the above-cited district court decisions issued, Judge Dennis wrote for the Fifth Circuit: "While a plaintiff in Louisiana generally may not plead a claim for unjust enrichment alongside another legal theory, La. Civ. Code Ann. art. 2298, unjust enrichment is still available when the at-issue contract is a legal 'nullity.'" Shaw v. Restoration Hardware, Inc., 93 F.4th 284, 291 (5th Cir. 2024). The Court cited in support Baker v. Maclay Properties Co., 648 So. 2d 888 (La. 1995), which held that a plaintiff could pursue an unjust enrichment claim because the contract that existed between the parties was an absolute nullity that gave the plaintiff no contractual rights to assert. Id. at 897. Shaw suggests that a mere challenge to the merits of a breach of contract claim is not enough to allow unjust enrichment as an additional/alternative claim; the challenge must contend that the contract is a nullity.

Plaintiff argues that its unjust enrichment claim can proceed because Defendant contended in its answer that the contract is "unenforceable" and that Defendant "essentially asserts that at some point in time there ceased to be a contract between the parties." Doc. 28, p. 3. Defendant disputes that characterization of its defense. It argues in its reply memorandum (Doc. 30) that it asserted in its answer that any contractual *provision* that placed a duty on it became unenforceable upon Plaintiff's breach of its corresponding contractual obligations. And Defendants' counterclaim is premised on an allegation that Plaintiff breached its obligations under the contract. Thus, Defendant's counterclaim rests on the existence of a valid underlying contract. Defendant states that nowhere in its answer or counterclaim does it ever contest the validity or existence of the contract, and its assertion that its obligations became unenforceable is not meant in the sense that the contract never existed or is a nullity. To be clear, Defendant makes judicial admissions that "[t]he existence of the contract is not being challenged" and Defendant "is not and does not plan to contest the validity of the contract here."[1]

There is no contention from Defendant that the contract is a nullity. There is only a dispute over who breached what provisions of the contract and what remedies are available to each party. Thus, this does not fit the narrow exception acknowledged by the Fifth Circuit in Shaw. That decision, which was issued after all of the district court decisions cited above, tips the balance in favor of Defendant. After Shaw issued, Judge McClusky

---

[1] The court has discretion to treat statements made in briefs as judicial admissions. Averette v. Transocean Enterprises, Inc., 2010 WL 2814702, *3 (W.D. La. 2010). Under the circumstances, the court exercises its discretion to find that Defendant's statements about the nature of its defenses and counterclaim are judicially binding.

cited it and stated that "a claim for unjust enrichment cannot be pled in the alternative," so that a claim for breach of contract barred an unjust enrichment claim. N. Am. Land Dev. Corp. v. Hakim, 2024 WL 1843961, *8 (W.D. La. 2024) (McClusky, M.J.), adopted sub nom. N. Am. Land Dev. Corp v. Hakim, 2024 WL 1841578 (W.D. La. 2024) (Doughty, J.).

Federal procedural law may allow the pleading of claims in the alternative, but an alternatively pled claim can still be attacked for lack of substantive merit. Louisiana substantive law provides that an available alternative claim, even if it may ultimately lack merit or be time-barred, prevents the assertion of a successful unjust enrichment claim. Reasonable minds may differ, but the undersigned believes that granting the motion to dismiss the unjust enrichment claim is the most faithful application of Louisiana substantive law and the Fifth Circuit's statement in Shaw about the limited ability of a party to assert an unjust enrichment claim alongside another legal theory.

Accordingly,

It is recommended that Defendant's Motion to Dismiss (Doc. 21) be granted and that Plaintiff's claim for unjust enrichment be dismissed for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of March, 2025.

Mark L. Hornsby
U.S. Magistrate Judge